David A. Chami (SBN 027585)
PRICE LAW GROUP, APC
1204 E. Baseline Rd. #102
Tempe, AZ  85283
T: (818) 907-2030
F: (818) 205-2730
david@pricelawgroup.com

Attorney for Plaintiff
RICKY TSENG CHAN

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| RICKY TSENG CHAN,<br><br>Plaintiff,<br><br>vs.<br><br>THUNDERBIRD COLLECTION SPECIALISTS, INC.; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>(Amount not to exceed $10,000) |

## COMPLAINT

### INTRODUCTION

1. Ricky Tseng Chan (Plaintiff), an individual consumer, brings this action to secure redress from unlawful collection practices engaged in by Thunderbird Collection Specialists, Inc. (Defendant) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

COMPLAINT FOR DAMAGES - 1
Case No. _____

## **JURISDICTION**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331. Venue in this district is proper in that Defendant transacts business here and Defendant's collection communications were received by Plaintiff here.

## **PARTIES**

3. Ricky T. Chan (Plaintiff) is an individual, residing in Peoria, Maricopa County, AZ 85383. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person, and thus Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Upon information and belief, Thunderbird Collection Specialists, Inc. (Defendant) is incorporated under the laws of the State of Arizona, with its principal place of business at 3200 N. Hayden Rd., Suite 100, Scottsdale, AZ 85251.

5. Upon information and belief, Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, California. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

///

///

COMPLAINT FOR DAMAGES - 2
Case No. _____

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff in an attempt to collect a debt originally held by another (alleged debt). The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

8. Upon information and belief, within one year prior to the filing of this action, Defendant contacted Plaintiff from telephone numbers (480) 946-3299 and (877) 488-1829 for the purpose of collecting the alleged debt.

9. Plaintiff initially informed Defendant's agent that Plaintiff was represented by an attorney, and that the alleged debt Defendant was attempting to collect on was included in Plaintiff's bankruptcy.

10. Upon information and belief, Defendant called Plaintiff and was abusive and used offensive language in its communication with Plaintiff.

11. Plaintiff asked Defendant to stop calling Plaintiff at his home and work, and instead to direct all calls to Plaintiff's attorney.

12. Nonetheless, Defendant repeatedly and continuously called Plaintiff's home telephone number and work phone number for the purpose of collecting the alleged debt.

13. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that Plaintiff's employer does not allow such communication.

14. Upon information and belief, Plaintiff again requested Defendant to cease all communications, but Defendant continued to place phone calls to Plaintiff.

COMPLAINT FOR DAMAGES - 3
Case No. _____

15. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff by leaving a voicemail communication for Plaintiff in which Defendant did not identify that the communication was from a debt collector.

16. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

17. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

18. Upon information and belief, Defendant's illegal and abusive collection communications as described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## FIRST CAUSE OF ACTION

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

18. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   A. Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after it knew that Plaintiff was represented by an attorney; and

   B. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

COMPLAINT FOR DAMAGES - 4
Case No. _____

C. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

D. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

E. Defendant violated *§1692e(10)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector.

F. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector.

G. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect a debt not permitted by law, since the alleged debt Defendant was attempting to collect on had been included in bankruptcy.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

///
///
///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

- A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
- C. Costs and reasonable attorney fees pursuant 15 U.S.C. § 1692k(a)(3);
- D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Dated this 12th day of June, 2013

                RESPECTFULLY SUBMITTED,
                PRICE LAW GROUP, APC

                By: /s/ David A. Chami
                    David A. Chami, Esq.
                    Attorney for Plaintiff